Slip Op. No. 25-84

## UNITED STATES COURT OF INTERNATIONAL TRADE

OCP S.A.,

    *Plaintiff,*

EUROCHEM NORTH AMERICA
CORPORATION,

    *Consolidated Plaintiff,*

  *and*

PHOSAGRO PJSC, INTERNATIONAL
RAW MATERIALS LTD., and KOCH
FERTILIZER, LLC,

    *Plaintiff-Intervenors,*

v.

UNITED STATES,

    *Defendant,*

  *and*

THE MOSAIC COMPANY and J.R.
SIMPLOT COMPANY,

    *Defendant-Intervenors.*

Before: Stephen Alexander Vaden,
Judge

Consol. Court No. 1:21-cv-00219

## <u>OPINION</u>

[Granting in part and denying in part a Motion filed by the International Trade
Commission to request issuance of a redacted public opinion.]

Dated: July 3, 2025

*Shara L. Aranoff*, Covington & Burling LLP, of Washington, DC, for Plaintiff OCP S.A.  With her on the brief are *James M. Smith*, *Sooan (Vivian) Choi*, *John J. Catalfamo*, and *Julia Shults*.

*Jeremy W. Dutra*, Squire Patton Boggs LLP, of Washington, DC, for Consolidated Plaintiff EuroChem North America Corporation.  With him on the brief is *Peter Koenig*.

*Paul C. Rosenthal*, Kelley Drye & Warren LLP, of Washington, DC, for Plaintiff-Intervenor International Raw Material Ltd.  With him on the brief is *Melissa M. Brewer*.

*Jared R. Wessel*, Hogan Lovells US LLP, of Washington, DC, for Plaintiff-Intervenor Phosagro PJSC.  With him on the brief are *H. Deen Kaplan*, *Michael G. Jacobson*, and *Cayla D. Ebert*.

*Kenneth G. Weigel*, Alston & Bird LLP, of Washington, DC, for Plaintiff-Intervenor Koch Fertilizer, LLC.  With him on the brief is *Lian Yang*.

*Courtney S. McNamara*, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for the Defendant United States.  With her on the brief is *Andrea C. Casson*, Assistant General Counsel for Litigation of the International Trade Commission.

*Stephanie E. Hartman*, Wilmer Cutler Pickering Hale and Dorr LLP, of Washington, DC, for Defendant-Intervenor Mosaic Company.  With her on the brief are *David J. Ross* and *Alexandra Maurer*.

*Patrick J. McLain*, King & Spalding LLP, of Washington, DC, for Defendant-Intervenor the J. R. Simplot Company.  With him on the brief are *Stephen P. Vaughn* and *Neal J. Reynolds*.

**Vaden, Judge:**  The International Trade Commission (the Commission) filed a Motion with the Court on June 20, 2025.  *See* Def.'s Mot. for Extension of Time and for Issuance of Public Op. (Def.'s Mot.) at 1–2, ECF No. 229.  The Motion requested two extensions of time in the underlying remand proceedings, which the Court granted in a Paperless Order filed on June 24, 2025.  *See id.* at 1–2; Order, ECF No.

232. It also asked the Court to file a public version of its April 22, 2025 opinion with five redactions. *See* Def.'s Mot. at 1–2, ECF No. 229; *see also OCP S.A. v. United States* (*OCP Merits Decision*), 49 CIT __, Consol. Ct. No. 1:21-cv-00219 (Apr. 22, 2025), ECF No. 224. The requested redactions are to prevent the revelation of alleged confidential business information. The Court will **GRANT IN PART** and **DENY IN PART** the Commission's request. It is proper to make the Opinion public. The Court, however, declines to make the Commission's requested redactions because each one lacks merit. Out of respect for the Federal Circuit's appellate review, the Court will issue a public version of the Opinion with temporary redactions. Unless otherwise ordered, the Court will immediately issue an unredacted version of its April 22, 2025 *OCP Merits Decision* once the Federal Circuit resolves the Commission's mandamus petition.

## BACKGROUND

This case began when OCP S.A. (OCP) — a Moroccan fertilizer producer — challenged the Commission's determination that Moroccan and Russian phosphate fertilizer imports materially injured domestic producers. *See* Compl. ¶ 1, ECF No. 10. Under the Tariff Act, when domestic producers petition for relief from unfair foreign competition, the Commission must determine if imports cause or threaten to cause "material injury" to those producers. *See* 19 U.S.C. §§ 1671, 1673. OCP argued that the Commission's affirmative injury determination was unsupported by substantial evidence. *See* Compl. ¶¶ 44–54, ECF No. 10. The Court agreed and

remanded the case to the Commission. *See OCP S.A. v. United States* (*OCP I*), 47 CIT __, 658 F. Supp. 3d 1297 (2023).

Concerns surrounding confidentiality first appeared during this initial phase of the case. The Commission's material injury determinations often involve the submission, analysis, and discussion of sensitive business records, which Congress permits the Commission to redact if certain legal requirements are met. *See* 19 U.S.C. § 1677f(b)(1); *see also* 19 C.F.R. § 201.6(b). Before oral argument, counsel for the Commission urged the Court to hold the entire oral argument in closed session.[1] Audio Recording, Conf. Call Regarding Oral Arg. at 24:33–50 (Conf. Call) (June 7, 2022), ECF No. 144. The Court declined to do so and instead held a public oral argument with a brief confidential session at the end. *See generally* Oral Arg. Tr., ECF No. 129. The vast majority of the oral argument was held in open court, and the Court's eventual opinion was entirely public. *See id.*; *OCP I*, 47 CIT __, 658 F. Supp. 3d at 1297.

After the Court's opinion in *OCP I* but before the Commission filed its Remand Determination, the Court ruled on a separate determination by the Commission. In *CVB, Inc. v. United States*, 47 CIT __, 675 F. Supp. 3d 1324, 1347 (2023), the Court upheld the Commission's determination under the harmless error standard. Shortly thereafter, the Commission filed a Motion asking the Court to retract its opinion in *CVB* because it believed the opinion contained confidential business information. *See CVB, Inc. v. United States* (*CVB II*), 48 CIT __, 681 F. Supp. 3d 1313, 1315 (2024).

---

[1] A closed session would bar not only the public and the media but also the corporate officers of the parties to the case from attending.

The Court denied that Motion on January 8, 2024, in a written opinion. *Id.* at 1323. First, the Court found that the Commission's wholesale failure to comply with USCIT Rule 5(g)'s procedure for identifying confidential information meant that the Commission forfeited any confidentiality claim. *Id.* at 1317–19. Second, the Court found that much of the supposedly confidential information was not entitled to confidential treatment because substantially identical information was publicly available. *Id.* at 1320. This information was publicly available not only in the popular press but also from the Commission's own public hearing. *Id.* The Commission appealed this decision, and the Federal Circuit is currently considering its appeal.

The Commission filed its Remand Determination in *OCP* on January 17, 2024. *See* Remand Determination, ECF No. 145. The Court reviewed the administrative record after press reports surfaced that the Remand Determination contained heavy redactions. *See* Order Regarding Confidentiality (Confidentiality Order) at 2–3, ECF No. 158; Jennifer Doherty, *Trade Commission Reaffirms Fertilizer Import Injury*, LAW 360 (Jan. 18, 2024), http://bit.ly/3WbM74R (describing the Remand Determination as "heavily redacted"). The Court found "numerous redactions" in both the public Remand Determination and the public administrative record "that appear to violate the principles elucidated in [*CVB II*]." Confidentiality Order at 2–3, ECF No. 158. The redacted information included broad statements about industry conditions and market prices as well as information that is substantially identical to

information available on domestic producers' own websites and in their mandatory securities filings.  *See* Confidentiality Order Ex. 1 at 1–12, ECF No. 159.

The Court ordered the parties to appear at an evidentiary hearing to explain and justify the redactions.  Confidentiality Order at 5–7, ECF No. 158.  The parties had the opportunity to present witnesses and exhibits to explain the redactions and what harm would occur if the redacted information was not afforded confidential treatment.  *Id.* at 7.  All parties waived this opportunity and declined to present witnesses or exhibits.  Hr'g Tr. at 9:23–10:8, ECF No. 193.

The Commission told the Court at the hearing that its redactions are automatic, unreviewable, and irreversible.  It redacts every word of a questionnaire response — regardless of whether the information is publicly available.  *See id.* at 47:2–25.  These redactions are "automatic" and even occur when the same information appears on a company's public website, through Google searches, or in major newspapers like the *Wall Street Journal.  See id.* at 35:19–36:21, 44:13–46:13. The Commission's counsel explained that this practice is not grounded in any statute or regulation.  *See id.* at 20:23–21:3 (THE COURT: "Is that practice based on the text of a statue or regulation that tells you to treat everything that's in a questionnaire as secret?" MR. BIANCHI: "No, sir.").  Instead, this practice "has been long-established and relied upon by the parties."  *Id.* at 35:17–18; *see also id.* at 20:16–19 (MR. BIANCHI:  "Information that is submitted through questionnaires has been for decades treated differently by the Commission, as our standard practice of doing so.").

The Commission also argued that no court can review the Commission's redactions

because "Congress intended the confidential treatment of any business propriety information treated as such before the agency to continue in subsequent proceedings …." Commission's Suppl. Br. at 9, ECF No. 191.

On March 27, 2025, the Court issued an opinion resolving the legal issues raised by the evidentiary hearing. *See OCP S.A. v. United States* (*OCP Confidentiality Decision*), 49 CIT __, Consol. Court No. 1:21-cv-00219, 2025 Ct. Intl. Trade LEXIS 32, at *59 (Mar. 27, 2025). The Court held that the Commission cannot abuse its redaction powers by redacting non-confidential information from public view. *See id.* As the Court explained, the Commission's "practice of automatically treating all information in questionnaire responses as confidential … is inconsistent with statute, regulation, precedent, and common sense." *Id.* at *3. These unwarranted redactions were subject to judicial review and did not bind the courts because Congress authorized the federal courts to "examine, in camera, the confidential or privileged material" redacted by the Commission and to "disclose such material under such terms and conditions as [the courts] may order." 19 U.S.C. § 1516a(b)(2)(B); *see also OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *39.

The Court then exercised its Congressionally authorized power to review the Commission's redactions. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *41–59. It found that all but one of the redactions at issue were unjustified. *Id.* Most of the information the Commission labeled as confidential appeared in public security filings, company websites, and annual reports. *See OCP*

*Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *6.  The Court ordered the Commission to treat that information as non-confidential in all future filings with the Court.  *See id.* at *59.  It also directed the Commission to "abide by the statutes and regulations governing confidential treatment of information in filings of any kind with the Court." *Id.*

After the Court issued its *OCP Confidentiality Decision*, but before it could issue its *OCP Merits Decision*, the Commission filed a petition for a writ of mandamus with the Federal Circuit.  *See* ITC's Pet. for a Writ of Mandamus (ITC's Petition), Fed. Cir. No. 2025-127, ECF No. 2.  The petition asked the Federal Circuit to intervene in this case, set aside the Court's *OCP Confidentiality Decision*, and direct the Court to "retain the Commission's designation of information as business proprietary information … unless the submitting party has consented to its disclosure."  *Id.* at 2. The petition continued to advance the Commission's view that it possessed unbounded authority to redact information, arguing that the Commission's redactions must "be preserved in any subsequent proceedings."  *Id.* at 4.

The Federal Circuit invited the Court to file a response to the petition, which the Court did on April 22, 2025.  The Court noted that a writ of mandamus is "an 'extraordinary remedy, to be reserved for extraordinary situations'" where lower courts usurp power or abuse their discretion.  Court's Resp. at 1, Fed. Cir. No. 2025-127, ECF No. 7 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)).  The Commission was "not entitled to that relief" because the broad redaction power it claimed was in "direct contravention of the law," as the Court's

*OCP Confidentiality Decision* demonstrated. *Id.* at 2–3. Alongside its response, the Court filed its *OCP Merits Decision,* which resolved all pending motions regarding the Commission's Remand Determination. *See OCP Merits Decision*, 49 CIT __, ECF No. 224. The decision was filed under seal to respect the Federal Circuit's review of the Commission's mandamus petition. It remanded the Commission's affirmative material injury determination for a second time because that determination remained unsupported by substantial evidence. *See id.* As part of the response filed by the Court, the Federal Circuit received a copy of the *OCP Merits Decision.*

The Commission filed its reply with the Federal Circuit on April 29, 2025. *See* ITC's Reply in Supp. of Pet. for a Writ of Mandamus (ITC's Reply), Fed. Cir. No. 2025-127, ECF No. 8. The Commission continued to argue that the Court's *OCP Confidentiality Decision* would "irreparably harm the Commission's ability to perform its statutory functions[.]" ITC's Reply at 2. It also asked the Federal Circuit to "direct the [Court] to issue a public version of the April opinion … that includes any redactions proposed by the Commission and the parties …." *Id.* at 16. Notably, the Commission's reply pretended to narrow its claimed redaction power. The Commission previously told this Court it would redact quotes from a *Wall Street Journal* article if they were contained in a questionnaire response. *See* Hr'g Tr. at 43:13–46:13, ECF No. 193. And, in a separate case, the Commission actually redacted information that appeared in *USA Today*. *See CVB II*, 48 CIT __, 681 F. Supp. 3d at 1320. In its reply to the Federal Circuit, however, the Commission now suggests that parties actually *could* discuss this kind of public information if someone "put the

article on the public record." ITC's Reply at 11, Fed. Cir. No. 2025-127, ECF No. 8. *But see id.* (noting the Commission continues to maintain that the same information placed in a questionnaire would still be treated as confidential).

The Federal Circuit responded to the Commission's petition on June 11, 2025. It granted a narrow interim stay of any directives by this Court that require the Commission "to correct the public version of the record and to change its practices of designating [business proprietary information] in the *OCP Case* remand proceedings …." Order at 4, Fed. Cir. No. 2025-127, ECF No. 9 (emphasis in original). All other requests were denied, including the Commission's request to order this Court to issue its *OCP Merits Decision* with any redactions the Commission desires. *See id.* (noting that the Commission had not yet even requested this Court "issue a redacted version" of the decision). The Federal Circuit consolidated the remaining issues arising from the Commission's petition with the separate appeal of this Court's opinion in *CVB II*. *See id.* at 4–5. Those cases will be argued together, and the Federal Circuit appointed a second *amicus curiae* to argue in support of this Court's opinions in both cases. *See id.*

The Commission filed its latest Motion on June 20, 2025, asking for two extensions of time and for release of a public, redacted version of the *OCP Merits Decision*. *See* Def.'s Mot. at 6–9, ECF No. 229. This Motion arrived fifty-nine days after the Court issued the *OCP Merits Decision* under seal. It asks this Court for five redactions in a fifty-page opinion. The first redaction request involves information about domestic producers' warehousing found on page 20 of the Court's decision. *See*

*id.* at 6–7. The second request relates to information on the same page recounting what domestic producers, as a group, reported to the Commission about their inventory reshipment practices. *See id.* Page 24 contains the third request, arising from the Court's analysis that domestic producers' reported inventory reshipment volumes are commercially insignificant. *See id.* at 7. The fourth request on page 46 and the fifth request on page 47 relate to information gathered by "the Commission's purchaser questionnaire[.]" *Id.* They involve sales domestic producers may have lost to subject imports. *See id.* Only the first three requests are supported by the company that submitted the information. *See id.* at 6–7. The Court offered the parties an opportunity to submit responses to the Commission's Motion. *See* Order, ECF No. 231. No party submitted one.

## STANDARD OF REVIEW

The Court has jurisdiction over the underlying legal dispute pursuant to 28 U.S.C. § 1581(c). Statute authorizes the Court to examine information that the Commission labels as "confidential or privileged" and to "disclose such material under such terms and conditions" as the Court may order. 19 U.S.C. § 1516a(b)(2)(B). The Court's exercise of its power to disclose this information must be informed by the statutory scheme governing what kind of information can be redacted when obtained by the Commission, the related regulations, and by relevant common law rights of public access to judicial proceedings. *See* 19 U.S.C. § 1677f; 19 C.F.R. § 201.6; *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *33–41.

## DISCUSSION

The Commission asks the Court to release a public version of the *OCP Merits Decision* with five redactions to address purportedly confidential information. *See* Def.'s Mot. at 6–9, ECF No. 229. Two of those requests — the fourth and the fifth — are made without the support of any company that submitted information in the underlying investigation. The remaining three are requested by both the Commission and a company that participated in the Commission's proceedings. For the foregoing reasons, the Court **GRANTS** the Commission's request for the release of a public version of the *OCP Merits Decision* and **DENIES** the Commission's five requested redactions. Out of respect for the Federal Circuit's review of this case, the Court will issue a public version of the *OCP Merits Decision* with temporary redactions pursuant to the Commission's unmeritorious requests. Unless otherwise ordered, these redactions will be withdrawn once the Federal Circuit completes its review of the Commission's petition.

### I.      Redaction Requests Made Without a Party's Consent

The Commission asks the Court to redact two pieces of information without support from any company that participated in the underlying investigation. On pages 46 and 47 of the *OCP Merits Decision*, the Court generally described information gathered from the Commission's purchaser questionnaire. *See OCP Merits Decision*, 49 CIT __, slip op. at 46–47, ECF No. 224. This information detailed specific sales that domestic fertilizer producers lost to importers. *See id.* The fourth and fifth redaction requests in the Commission's Motion argue that the Court's

characterization of the information would allow some readers to ascertain the underlying confidential information. *See* Def.'s Mot. at 7, ECF No. 229. Because no party to the investigation contends this information is proprietary, the Court's summary should be released without redaction.

Information gathered in Commission investigations may only be redacted when it is labeled as proprietary "by the *person submitting the information* …." 19 U.S.C. § 1677f(b)(1)(A) (emphasis added). If the Commission does not receive a redaction request from a submitting party, its only function is ministerial. The statute requires that it "shall disclose … any information … which is not designated as proprietary by the person submitting it." *Id.* § 1677f(a)(4)(B); *see Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 218 (1930) (defining ministerial duties as those statutory duties "so plainly prescribed as to be free from doubt and equivalent to a positive command"). Indeed, were the Commission to ignore this statutory command, a petition for a writ of mandamus very well might lie against it. *See Wilbur*, 281 U.S. at 218–19 (holding mandamus relief against executive branch officials is limited to the enforcement of nondiscretionary, plainly defined, and purely ministerial duties).

Here, no company joins the Commission's two requests to redact portions of pages 46 and 47. These companies, not the Commission, are "the owners of the information" in dispute. *See* ITC's Petition at 6, Fed. Cir. No. 2025-127, ECF No. 2. The Commission does not argue that any company requests confidential treatment of this information in the Opinion. Therefore, the information cannot be redacted. *See* 19 U.S.C. §§ 1677f(b)(1)(A), (a)(4)(B); 19 C.F.R. § 201.6(a)(1).

The Commission's two requests would lack merit even if they had corporate support. Redactions are permissible only if the party seeking redaction identifies "specific, concrete harm" that disclosure would cause. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *55; *see also AmerGen Energy Co. ex rel. Exelon Generation Co. v. United States*, 115 Fed. Cl. 132, 141 (2014) (holding "vague and speculative allegations of injury" are insufficient to support a claim of confidentiality). The Commission's own regulations adopt this requirement and limit the definition of "[c]onfidential business information" to information that, if disclosed, would either "impair[] the Commission's ability to obtain such information" in future investigations or "caus[e] substantial harm to the competitive position of the [submitter]." 19 C.F.R. § 201.6(a)(1). The Commission's two requests allege that the Court's general characterizations could allow someone to discover the underlying confidential information. *See* Def.'s Mot. at 6–7, ECF No. 229. Even assuming that is true, the Commission does not explain why disclosure would "caus[e] substantial harm to the competitive position of the [information's submitter]." 19 C.F.R. § 201.6(a)(1). Nor does it explain how disclosure might "impair[] the Commission's ability to obtain such information" in other investigations. *Id.* And no "submitter" has requested such treatment. The Commission's failure to satisfy its own regulation is total. *Compare* Def.'s Mot. at 7, ECF No. 229, *with* 19 C.F.R. § 201.6(a)(1).

The Commission's related argument that the entire questionnaire cited on pages 46 and 47 "must retain the [business proprietary information] status afforded

by the Commission" misunderstands the law.  It is "information," not documents, that are confidential.  *See* 19 U.S.C, § 1677f(a)(4)(A)–(B) (discussing how to treat "any proprietary *information* received in the course of a proceeding") (emphasis added); 19 C.F.R. § 201.6(b)(1) (setting procedures for requesting "confidential treatment of business *information*" ) (emphasis added).  When making redactions, "the question is not whether a document is confidential[;] … [i]t is whether *information* is confidential."  *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *9 (emphasis in original).  What document the information appears in is immaterial.  *See id.* at *29 ("Information that is public anywhere ought to be public everywhere.").  These requests are **DENIED**.

## II.    Redaction Requests Made with a Party's Consent

The Commission's remaining three redaction requests are supported by one company that participated in the underlying investigation.  *See* Def.'s Mot. at 6–7, ECF No. 229.  The first of these redactions involves the Court's general characterization of domestic producers' warehouse and distribution facilities found on page 20 of the *OCP Merits Decision*.  *See id.* at 6.  The second request involves the Court's description of the reshipment of phosphate fertilizer on that same page.  *See id.*  The third request arises from the Court's non-numerical comparison between a company's total fertilizer shipment volume and its inventory reshipment volume, which is found on page 24 of the decision.  *Id.* at 7.  Each request lacks merit.

Proprietary designation "by the person submitting the information" is insufficient on its own to warrant redaction.  19 U.S.C. § 1677f(b)(1)(A); *see also OCP*

*Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at \*30–33 (citing 19 U.S.C. § 1677f(b)(1)(B)(i)–(ii)).  Parties requesting confidential treatment must also submit either a "non-proprietary summary" of the information or "a statement [explaining] that the information is not susceptible to summary …."  19 U.S.C. § 1677f(b)(1)(B)(i)(I)–(II).  They additionally must explain why disclosure of the information would pose a "specific, concrete competitive harm."  *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at \*55 (citing cases).  Mere "vague and speculative allegations of injury" are insufficient.  *AmerGen Energy*, 115 Fed. Cl. at 141.

The relevant statute creates a mechanism to address "[u]nwarranted designations" of information as confidential.  19 U.S.C. § 1677f(b)(2).  "Unwarranted designations" occur when information is "availab[le] from public sources," and the submitter cannot explain why "the [confidentiality] designation is warranted[.]"  *Id.*  Similarly, the statute requires the Commission to "disclose … any proprietary information received in the course of a proceeding if it is disclosed in a form which cannot be associated with, or otherwise be used to identify, operations of a particular person[.]"  *Id.* § 1677f(a)(4)(A).

The Commission's regulations mirror these statutory requirements.  They establish the "[p]rocedure for submitting business information in confidence."  19 C.F.R. § 201.6(b).  This procedure requires the party submitting the information to include: (1) a nonconfidential "written description of the … information[,]" (2) a "justification for the request for its confidential treatment[,]" and (3) a "certification

… that substantially identical information is *not available to the public*[.]" *Id.* §
201.6(b)(3)(i)–(iii) (emphasis added). The regulations also limit the Commission's
definition of "[c]onfidential business information" to only include information that, if
disclosed, would "impair[] the Commission's ability to obtain such information" in
future investigations or would "caus[e] substantial harm to the competitive position"
of the submitter. *Id.* § 201.6(a)(1). Parties must show "good cause" before the
Commission will redact "[n]onnumerical characterizations of numerical confidential
business information (e.g., discussion of trends) …." *Id.* Similar instructions appear
on the Commission's questionnaires. *See* Blank U.S. Producers' Questionnaire at 3,
J.A. at 20,833, ECF No. 205.

### A. Warehouse and Distribution Information

The Commission and the company believe the Court should redact general
information about domestic producers' warehousing and distribution facilities on
page 20 of the *OCP Merits Decision*. Def.'s Mot. at 6–7, ECF No. 229. They claim
that this portion of the Opinion contains "sensitive" business proprietary information
but do not elaborate on what harm, if any, the company would suffer if the disputed
portion was released without redaction. *See* Def.'s Mot. at 6–7, ECF No. 229. Their
redaction request fails for three reasons.

First, the disputed text does not connect any specific company with a particular
warehousing arrangement; instead, it merely summarizes the different types of
warehousing arrangements domestic producers in general use. *See OCP Merits
Decision*, 49 CIT __, slip op. at 20, ECF No. 224. Information is not confidential if it

cannot be "associated with[] or otherwise … used to identify … a particular person[.]" 19 U.S.C. § 1677f(a)(4)(A). This Court previously recognized that specific information about individual companies' warehousing locations, agreements, and partners is confidential if it is not publicly available. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *19. By contrast, the disputed portion of the sealed Opinion only summarizes warehousing behaviors broadly applicable to domestic producers. *See OCP Merits Decision*, 49 CIT __, slip op. at 20, ECF No. 224. It cites to two pages of the Remand Determination that discuss the specific warehousing arrangements of multiple companies. *See* Remand Determination at 23–24, ECF No. 145. The opinion never states which companies use which arrangements, and a third party could not glean that information by looking at the cited pages of the Remand Determination. The Commission's claim that the Opinion contains information about "an individual firm's operations" is incorrect. *See* Def.'s Mot. at 6, ECF No. 229.

Second, the Motion fails to identify any "specific, concrete harm" that disclosure of this information would cause. *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *55. The Commission only asserts that the disputed portion of the sealed Opinion "contains [business proprietary information[.]" Def.'s Mot. at 6–7, ECF No. 229. Neither the Commission nor the company explain why disclosure of this information would either "impair[] the Commission's ability to obtain such information" or "caus[e] substantial harm to the competitive position of the [information's submitter]." 19 C.F.R. § 201.6(a)(1). Therefore, the Commission's

request is legally insufficient. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at \*55; *see also AmerGen Energy*, 115 Fed. Cl. at 141 (holding that confidential treatment should not be granted based on "vague and speculative allegations of injury").

Third, this Court has held that publicly available information regarding "distribution and storage networks" is not confidential. *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at \*14; *see, e.g.*, Mosaic 2022 Form 10-K at 14-16 (Feb. 23, 2022), https://bit.ly/4gmB3cl (describing the company's distribution network); Nutrien, 2019 Annual Report at 12 (Feb. 19, 2020), https://bit.ly/4dQ4GBK (same). The *OCP Confidentiality Decision* addressed whether specific information about companies' storage and distribution centers could be redacted by the Commission. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at \*44–50. The Court concluded that almost all of this company-specific information is publicly available in securities filings and on companies' websites so that it could not be redacted. *See id.* A general characterization of domestic producers' warehousing arrangements cannot be confidential if the underlying, company-specific information is publicly available. The Commission's redaction request is **DENIED**.

## B.  Reshipment of Phosphate Fertilizer

The Commission and the company at issue ask the Court to redact language about domestic producers' ability to reship inventories. Def.'s Mot. at 6–7, ECF No. 229. The Commission claims that, if this information were not redacted, it would

reveal a specific company's operations. *Id.* The request is frivolous. *See Frivolous*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("Lacking a legal basis or legal merit; not serious; not reasonably purposeful[.]").

A key, public aspect of the underlying legal dispute in this proceeding hinged on whether domestic producers could reship inventories from their originally intended destination. *See OCP I*, 47 CIT __, 658 F. Supp. 3d at 1314–18. The Court's original opinion directed the Commission to "conduct a new analysis of the conditions of competition with respect to domestic reshipment …." *Id.* at 1318. That opinion discussed how the Commission failed to collect (1) evidence of "reshipment of fertilizer that has already reached its intended destination" and (2) proof that "domestic reshipment of fertilizer from inventories had occurred as a normal business practice." *Id.* at 1317. None of these quoted phrases were redacted, and the Commission never asked the Court to redact any portion of that opinion.

On remand, the Commission issued a new questionnaire to U.S. producers and importers, which publicly discussed the issue of inventory reshipment. *See* Remand Determination at 4, ECF No. 145. The questionnaire asked responding firms to describe their "inventory operations and distribution network," including by "identifying each location where your firm held inventories" and by "describing the modes of transportation used to distribute shipments." Blank U.S. Producers' Questionnaire at 4, J.A. at 20,834, ECF No. 205. The Commission also asked these producers if they shipped "phosphate fertilizer from one inventory location to another inventory location" during the period of review. *Id.* After analyzing the firms'

questionnaire responses, the Commission continued to conclude that domestic producers could reship their inventories. *See* Remand Determination 23–24, ECF No. 145. The Commission redacted almost the entirety of the pages of the Remand Determination associated with this conclusion based on its theory that any information in a questionnaire response should automatically be redacted. *See id.*; Hr'g Tr. at 20:16–22, ECF No. 193.

The Court needed to analyze the Commission's reshipment finding to write the *OCP Merits Decision*, as the parties continued to contest whether substantial evidence supported that finding. *See, e.g.*, OCP's Comments on the Remand Determination at 3, ECF No. 156; *see also In re Violation of Rule 28(d)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011) (noting improper redaction "hampers [the Court's] consideration and opinion writing"). In the disputed portion of the Opinion, the Court reviewed the modes of inventory reshipment domestic producers told the Commission they employed. *See OCP Merits Decision*, 49 CIT __, slip op. at 20, ECF No. 224. The Opinion directly quoted from the Commission's summary of a particular company's reported reshipment behavior *without* naming the company at issue. *See id.* The quoted information, in essence, said that the unnamed company reshipped inventories during the period of review, *i.e.*, the key issue in this case. It mirrors language that the Court used in its original public remand opinion and that the Commission used in its public remand questionnaires. *Compare id.*, *with OCP I*, 47 CIT __, 658 F. Supp. 3d at 1314–18, *and* Blank U.S. Producers' Questionnaire at 4, J.A. at 20,834, ECF No. 205.

The Commission wants the Court to redact this portion of its Opinion because the quoted Remand Determination language originally came from a company's questionnaire response. *See* Remand Determination at 24, ECF No. 145. The Commission believes these responses should be automatically redacted in full without any analysis of whether the underlying *information* can receive confidential status under the relevant statutory and regulatory scheme. *See, e.g.*, Hr'g Tr. at 47:12–13, ECF No. 193. But the law forbids document-wide redaction policies and only authorizes redacting "information" that meets certain conditions. *See* 19 U.S.C. § 1677f(a)(4) (requiring the Commission to disclose both nonattributable "proprietary information" and "information … [that is] not designated as proprietary by the [submitter]"); *id.* § 1677f(b) (authorizing the Commission to redact "[p]roprietary information" under certain circumstances); *see also* 19 C.F.R. § 201.6(a)(1) (defining what kind of "information" the Commission will treat as confidential). The Court can only redact the requested portion of the Opinion if the redaction is justified under the relevant legal standards. The Commission's *ultra vires* preferences do not govern.

The Commission and the company fail to articulate any "specific, concrete harm" that the disclosure of this information might cause. *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *55. The Motion only claims that the disputed portion of the Opinion "contains [business proprietary information] that concerns an individual firm's operations[.]" Def.'s Mot. at 6, ECF No. 229. The Motion does not detail why the information is proprietary. *See id.* Nor does it explain why disclosing this information would either "impair[] the Commission's ability to

obtain such information" or "caus[e] substantial harm to the competitive position of the [information's submitter]." 19 C.F.R. § 201.6(a)(1). This failure renders the Commission's redaction request legally insufficient.

Regardless, the Court doubts any party could articulate sufficient cause for the requested redaction. Anyone reading the public materials in this case would know that domestic fertilizer producers claim "reshipment of fertilizer[] is a normal business practice …." Public Remand Determination at 5, ECF No. 146. It is unclear how "substantial harm to the competitive position" of a company could arise by the Court's disclosure that a domestic producer claims to reship fertilizer. 19 C.F.R. § 201.6(a)(1). Redacting this information would also be inappropriate because the language at issue touches on the core legal issue in the case. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *4 ("Unnecessary claims of confidentiality erode public trust in the judiciary by limiting public access.") (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595 (1980) (Brennan, J., concurring)). In short, the Commission attempts to prohibit the most basic discussion of the very question the Commission was charged with answering. *See In re Violation of Rule 28(d)*, 635 F.3d at 1360. Its request to do so is **DENIED**.

### C.    Reshipment Frequency

The Commission and the company also ask the Court to redact a non-numerical comparison the Court made between (1) an unidentified company's overall shipment volume and (2) its inventory reshipment volume, which is found on page 24 of the *OCP Merits Decision*. The Commission states that this portion of the Opinion

reveals a specific company's "sensitive" business proprietary information because one could identify the company at issue by comparing the Court's citation to citations made elsewhere in the case docket. Def.'s Mot. at 7, ECF No. 229. The Court declines to redact this information because, even if the company can be identified, the Court's Opinion does not reveal any confidential information.

No party disputes that the Court's comparison would be non-confidential if the company at issue was hidden. The Commission admits "the firm [at issue] is not specifically named in the Second Remand Opinion …." *Id.* at 7. It argues, however, that the company can be identified by comparing the Court's citation to the Joint Appendix with the same Joint Appendix citations in other filings on the docket. *See id.* The Commission notes that, in its own public comments on the Remand Determination, it cites to the same Joint Appendix page to which the Court cites for the disputed proposition. *See id.* The Court carefully concealed the company's name when it cited to that page, but the Commission did not act with this level of diligence. Thus, an enterprising reader could scour the docket, compare the Court's Opinion with the Commission's comments, and figure out which company the Court was discussing. *See id.* The Commission's own citation to allegedly confidential information, in other words, has created a risk that the information will be inadvertently disclosed. *Cf.* Fed. Cir. R. 25.1(c)(1) (noting information that "has appeared in a filing without being marked confidential" loses its "status as subject to a protective order").

But knowing the identity of the company at issue does not automatically make the disputed information confidential. The disputed portion of the Opinion made a comparison between two confidential numbers. *See OCP Merits Decision*, 49 CIT __, slip op. at 24, ECF No. 224. "Even if information is confidential or business proprietary, the Court's use of approximations [can] appropriately summarize[] the information without revealing exact figures." *CVB II*, 48 CIT __, 681 F. Supp. 3d at 1320. Comparators such as "de minimis" or "negligible" do "not reveal the actual [confidential information]" when both numbers remain hidden. *Id.* at 1321. Likewise, the Commission's own regulations recognize that "[n]onnumerical characterizations of numerical confidential business information …." are not generally entitled to confidential treatment. 19 C.F.R. § 201.6(a)(1).

The disputed comparison on page 24 of the sealed Opinion can only reveal confidential information about the company if a reader knows one of the numbers being compared. Nothing in the Opinion reveals that information. Additionally, neither the Commission nor the company allege "good cause" for the redaction or explain the "specific, concrete harm" that could arise if the information is disclosed.[2] *See id.*; *OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *55. Therefore, the disputed information will not be redacted. *See* 19 C.F.R. § 201.6(a)(1) (requiring a party to show "good cause" for the redaction of non-numerical

---

[2] This is before taking into the account that the information at issue is between five and eight years old. *See OCP Confidentiality Decision*, 49 CIT __, 2025 Ct. Intl. Trade LEXIS 32, at *55–58 (discussing why "[s]tale information is not entitled to confidential treatment").

characterizations of confidential business information). The Commission's request is **DENIED**.

## CONCLUSION

Even independent agencies are accountable to the law. *See Trump v. Wilcox*, 145 S. Ct. 1415 (2025). The Commission's Motion asks the Court to make five redactions because the disputed portions of the Opinion allegedly contain confidential information. The Motion never explains why the information is confidential. In all five instances, it fails to allege any specific, concrete harm that would arise should the Court not make the requested redactions. Two redactions arrive without the support of the party who submitted the allegedly confidential information. The remaining three relate to general statements made by the Court, which do not reveal any underlying confidential information.

The Court **DENIES** these requested redactions, which run afoul of Congressional command and the Commission's own regulations. The Court will issue a public version of the *OCP Merits Decision* with the redactions temporarily included to respect the Federal Circuit's review of the Commission's mandamus petition. Absent contrary instructions, the Court will remove these redactions on the resolution of the Commission's petition.

      **SO ORDERED**.

                       /s/ Stephen Alexander Vaden
                       Stephen Alexander Vaden, Judge

Dated: July 3, 2025
      New York, New York

ERRATA

*OCP S.A. v. United States*, Case No. 21-00219, Slip-Op. 25-84, dated July 3, 2025.

Page 25:       In footnote 2, remove the first "the" in the sentence "This is before taking into the account that the information at issue is between five and eight years old."

July 7, 2025